UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michelle Steinhoff,<br><br>Plaintiff,<br><br>v.<br><br>Star Tribune Media Company, LLC<br><br>Defendant. | Case No. 13-cv-1750 (SRN/JSM)<br><br>**MEMORANDUM OPINION AND ORDER** |

Abbas Kazerounian, Kazerounian Law Group, APC, 245 Fischer Avenue, Suite D1, Costa Mesa, California 92626; Joshua B. Swigart and Robert L. Hyde, Hyde & Swigart, 2221 Camino del Rio South, Suite 101, San Diego, California 92101, for Plaintiff.

Aaron D. Van Oort, Eileen M. Hunter, and Mary A. Walker, Faegre Baker Daniels LLP, 90 South Seventh Street, Suite 2200, Minneapolis, Minnesota 55402; Randy M. Lebedoff, Star Tribune, 425 Portland Avenue South, Minneapolis, Minnesota 55488, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings [Doc. No. 18]. For the reasons set forth below, the Court grants this motion.

## II.  BACKGROUND

Defendant, a Delaware corporation with a primary place of business in Minneapolis, Minnesota, is a media company that provides news services to thousands of consumers. (Compl. ¶ 9 [Doc. No. 1]; Answer ¶ 9 [Doc. No. 15].) Plaintiff is an individual residing in

Minnesota.  (Compl. ¶ 10.)

As alleged in the Complaint, Plaintiff signed up and paid for a one-year newspaper subscription offered by Defendant.  (Id. ¶ 12.)  In the process, Plaintiff provided Defendant with her cellular telephone number, xxx-xxx-7646 ("the 7646 number"), which appears on Defendant's Subscription Order Form.[1]  (Subscription Order Form, Ex. A to Decl. of Leita Walker [Doc. No. 21-1].)  This form states that the subscription "will continue unless you [Plaintiff] notify us [Defendant] that you wish to cancel."  (Id.)  Plaintiff does not allege that she gave notice of cancellation.  (See Compl.)

Plaintiff claims that the subscription terminated sometime before March 5, 2013, at which point she revoked any consent that Defendant may have had to contact her cellular number via an automatic telephone dialing system using an artificial or pre-recorded voice message.  (Id. ¶ 12.)

On or about March 5, 2013, Defendant began calling the 7646 number.  (Id. ¶ 13.)  On seven different occasions in March of 2013, Defendant left pre-recorded voice messages on the 7646 number, stating that the calls were for "service verification" and that Defendant would call back later.  (Id. ¶¶ 14, 15.)

On or about March 8, 2013, a Star Tribune representative spoke to Plaintiff on the 7646 number.  (Id. ¶ 23.)  During this call, the representative informed Plaintiff that Defendant's "records show[ed] an outstanding balance" on her subscription, and she asked

---

[1] Plaintiff claims that, at the time of drafting her Complaint, she had no knowledge of the Subscription Order Form, although she concedes that she did sign up for a one-year subscription with Defendant.  (Pl.'s Opp'n to Def.'s Mot. Pursuant to Fed. R. Civ. P. 12(c) at 15 [Doc. No. 27].)

Plaintiff "to pay [her] past-due balance." (Audio File, Ex. B to Walker Decl. [Doc. No. 21-2].) Plaintiff stated: "I'm in a hurry right now trying to get out the door. If you can give me a call back, like tomorrow or something, that would be wonderful." (Id.)

On July 5, 2013, Plaintiff brought the following claims against Defendant on behalf of herself and all others similarly situated: (1) negligent violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), and (2) knowing or willful violations of the TCPA. (Compl. ¶¶ 43-50.) On October 14, 2013, Defendant moved for judgment on the pleadings on the ground that Plaintiff fails to state a claim upon which relief may be granted. (Def.'s Mot. for J. on the Pleadings [Doc. No. 18].) On November 4, 2013, Plaintiff opposed Defendant's motion. (Pl.'s Opp'n to Def.'s Mot. Pursuant to Fed. R. Civ. P. 12(c) [Doc. No. 27].) On November 18, 2013, Defendant filed a reply brief. (Def.'s Reply Mem. in Supp. of its Mot. for J. on the Pleadings [Doc. No. 32].) The Court heard this matter on November 25, 2013. (Court Mins. [Doc. No. 33].)

### III.  DISCUSSION

#### A.  Standard of Review

Federal Rule of Civil Procedure 12(c) provides that a motion for judgment on the pleadings is appropriate after the pleadings are closed. FED. R. CIV. P. 12(c). A motion for judgment on the pleadings will be granted "only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004).

A motion for judgment on the pleadings is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. Clemons v. Crawford, 585

F.3d 1119, 1124 (8th Cir. 2009). Well-pleaded facts, not legal theories or conclusions, determine the adequacy of the complaint. Id. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id.

### B. Materials Considered

When considering a motion for judgment on the pleadings, the Court must generally ignore materials outside the pleadings, but it may consider "some materials that are part of the public record or do not contradict the complaint," as well as materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

The parties contest whether the Court should consider the Subscription Order Form and the Declaration of Leita Walker, which attaches as exhibits (1) a copy of the Subscription Order Form [Doc. No. 21-1], and (2) an audio recording of the Star Tribune's call with Plaintiff on or about March 8, 2013 [Doc. No. 21-2]. The parties do not contest that the terms of Plaintiff's subscription form the basis of this dispute, and paragraph 12 of the Complaint refers specifically to that subscription. Similarly, paragraph 23 of the Complaint references the very telephone conversation on or about March 8, 2013, which was recorded on the disk provided to the Court. Nor does Plaintiff contest the accuracy of the recording. Because the Subscription Order Form and the audio recording are necessarily embraced by the pleadings, the Court considers them for the instant motion.

### C. Prior Express Consent

The TCPA prohibits the use of any automatic telephone dialing system to call any

4

telephone number assigned to a cellular telephone service, absent an emergency purpose or the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). To establish a claim under the TCPA, Plaintiff must prove: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).

The parties dispute whether the third element of a TCPA claim is met.[2] Defendant argues that Plaintiff gave her prior express consent to receive autodialed calls to her cellular number because she disclosed the 7646 number in order to obtain a subscription. (Def.'s Mem. in Supp. of its Mot. for J. on the Pleadings at 7 [Doc. No. 20].) Plaintiff responds that there was no prior express consent because she did not provide the 7646 number "for anything but to order and obtain information about a special offer from Defendant." (Pl.'s Opp'n to Def.'s Mot. Pursuant to Fed. R. Civ. P. 12(c) at 18 [Doc. No. 27].)

The Federal Communications Commission ("FCC") has addressed what constitutes "prior express consent." In its first order implementing the TCPA, the FCC noted that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent

---

[2] Plaintiff also argues that "prior express consent" is an affirmative defense, which is improper to consider on a Rule 12(c) motion. (Pl.'s Opp'n to Def.'s Mot. Pursuant to Fed. R. Civ. P. 12(c) at 16 [Doc. No. 27].) But even if the Court views "prior express consent" as an affirmative defense, such a defense can provide the basis for dismissal for failure to state a claim or judgment on the pleadings if it is apparent on the face of a complaint. C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 764 (8th Cir. 2012).

instructions to the contrary." In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992). Thus, a telemarketer does not violate the TCPA "by calling a number which was provided as one at which the called party wishes to be reached." Id. In 2008, the FCC clarified its 1992 Order in the debt collection context:

> Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd. 559, 564 (Jan. 4, 2008).

The Court finds that Plaintiff's TCPA claim is barred because she gave prior express consent. See Pinkard v. WalMart Stores, Inc., No. 3:12-cv-2902-CLS, 2012 WL 5511039 (N.D. Ala. Nov. 9, 2012); Greene v. DirecTV, Inc., No. 10 C 117, 2010 WL 4628734 (N.D. Ill. Nov. 8, 2010). In Pinkard, the plaintiff dropped off a prescription at a Wal-Mart pharmacy, where store employees asked for the plaintiff's personal information, including her cellular number. 2012 WL 5511039, at *2. Although they did not seek explicit permission to send text messages, the plaintiff received a number of text messages from Wal-Mart within a few hours of providing her number. Id. Interpreting "express consent" to "encompass a situation where an individual voluntarily divulges her telephone number," the court in Pinkard granted Wal-Mart's motion to dismiss the TCPA claim because the plaintiff provided her cellular number to Wal-Mart. Id. at *5-*6.

6

Similarly, in Greene, the court found that the plaintiff gave her prior express consent to receive the defendant's automated call on her cellular telephone, because she provided her cellular number in the course of requesting a fraud alert, and she did not condition the use of her number for fraud alert purposes.  2010 WL 4628734, at *1-*2.  In the present case, Plaintiff provided the 7646 number to Defendant in the process of obtaining a subscription.  (Subscription Order Form [Doc. No. 21-1].)  Although Plaintiff now claims that she provided her cellular number "for the sole purpose of having her call returned so that she could obtain more detailed information regarding this special offer," Plaintiff does not allege that she actually instructed Defendant to this effect.  (Pl.'s Opp'n to Def.'s Mot. Pursuant to Fed. R. Civ. P. 12(c) at 11 [Doc. No. 27].)  Like the plaintiffs in Pinkard and Greene, Plaintiff voluntarily provided the 7646 number and therefore gave Defendant permission to contact her at this number.  Absent instructions to the contrary, the Court finds prior express consent.

Plaintiff urges a reading of the FCC's 2008 Order that requires Defendant to obtain Plaintiff's consent specifically to be called by Defendant on her cellular number from an automatic telephone dialing system.  (Id. at 18; Nov. 25, 2013, Hr'g Tr. at 9-15.)  Citing the following language from the FCC's 2008 Order, Plaintiff believes that she did not grant prior express consent to be called about a renewal subscription because she sees her one-year subscription and any subsequent renewal as separate transactions:

> We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.

7

<u>In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 23 FCC Rcd. 559, 564-65 (Jan. 4, 2008); Nov. 25, 2013, Hr'g Tr. at 9, 18-19.)

The Court respectfully disagrees with Plaintiff's interpretation of the FCC's 2008 Order. First, the Court does not view the one-year subscription and any subsequent renewal as separate transactions, because a renewal here is anticipated and addressed in the original subscription agreement between the parties. Accordingly, Plaintiff's prior express consent in connection with the original subscription applies to Defendant's calls about its renewal. Second, the Court does not view the FCC's 2008 Order as "limit[ing] the scope of what consent is within the realms of debt collection." (Nov. 25, 2013, Hr'g Tr. at 18.) Rather, the 2008 Order *reaffirms* the FCC's earlier position in its 1992 Order on prior express consent in the context of debt collection.

For all of these reasons, Plaintiff's TCPA claim fails.

**D. Revocation of Consent**

Next, the Court considers whether Plaintiff revoked the prior express consent that she provided to Defendant. Defendant claims that: (1) any revocation was not automatic, and (2) there was no affirmative act by Plaintiff to revoke her prior express consent. (Def.'s Mem. in Supp. of its Mot. for J. on the Pleadings at 10 [Doc. No. 20].) Plaintiff argues that revocation was automatic. (Nov. 25, 2013, Hr'g Tr. at 15.)

First, the Court finds that Plaintiff took no affirmative act to revoke any prior express consent. On the issue of revocation, the Complaint alleges:

> Sometime prior to March 5, 2013, Plaintiff paid for a one-year newspaper subscription offered by Defendant. The newspaper subscription terminated sometime prior to March 5, 2013. Upon expiration of the subscription,

8

> Plaintiff revoked any and all consent that Defendant may have had to contact Plaintiff's cellular telephone for marketing purposes or otherwise, via an automatic telephone dialing system or an artificial or prerecorded voice message.

(Compl. ¶ 12.) Even if Plaintiff were permitted to amend the Complaint under Federal Rule of Civil Procedure 15 to plead more detail on revocation, the amendment would be futile because Plaintiff cannot plead an affirmative act of revocation. Indeed, Plaintiff's counsel conceded:

> THE COURT:   Okay. She [Plaintiff] says in her Declaration I left my cellular telephone number on either Defendant's voicemail or representative for the sole purpose of having my call returned so that I may obtain more detailed information regarding this special offer. Then he returned the call. So, the question becomes what do you have to plead here to meet the requirements of <u>Iqbal</u> <u>Twombly</u>? And are you arguing that there are facts in which she said to the representative, I revoke my consent, or I limit the way in which you can use this call? Did she do either of those things, factually?
>
> MR. KAZEROUNIAN:   No, Your Honor, I can't tell you that she did that.

(Nov. 25, 2013, Hr'g Tr. at 14-15.) The Court therefore denies Plaintiff's request for leave to amend. (<u>See</u> Pl.'s Opp'n to Def.'s Mot. Pursuant to Fed. R. Civ. P. 12(c) at 29 [Doc. No. 27].)

Second, the Court concludes that any revocation was not automatic. The terms of the Subscription Order Form provide:

> I understand my Star Tribune delivery will continue past the agreed upon subscription term checked below, unless I call the Star Tribune directly at 612-673-4343 to cancel. Subscription will continue unless you notify us that you wish to cancel.

(Subscription Order Form [Doc. No. 21-1].) Moreover, even if Plaintiff's subscription automatically terminated after fifty-two weeks, such termination does not automatically

9

revoke any prior consent to be called on the 7646 number.  Nothing in the FCC's Orders supports the idea of an automatic revocation.  Finally, the March 2013 conversation between the parties indicates that Plaintiff did not revoke any prior consent to be called on the 7646 number.  To the contrary, when the Star Tribune representative asked Plaintiff "to pay [her] past-due balance," Plaintiff said: "I'm in a hurry right now trying to get out the door.  If you can give me a call back, like tomorrow or something, that would be wonderful."  (Audio File, Ex. B to Walker Decl. [Doc. No. 21-2].)  Under these circumstances, Plaintiff clearly did not revoke her prior express consent.

Because Plaintiff fails to state a claim under the TCPA, and because she did not revoke her prior express consent to be contacted on the 7646 number, the Court grants Defendant's motion for judgment on the pleadings.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Judgment on the Pleadings [Doc. No. 18] is **GRANTED**; and

2. The Complaint [Doc. No. 1] is **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:       March 24, 2014                    s/ Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Court Judge