

|  |  |
|---|---|
| SAN DIEGO, CA | 2221 Camino Del Rio S, Ste 101 |
| RIVERSIDE, CA | San Diego, CA 92108-3609 |
| COSTA MESA, CA | www.westcoastlitigation.com |
| FRESNO, CA | T: 619.233.7770 |
| SACRAMENTO, CA | F: 619.297.1022 |
| PHOENIX, AZ | bob@westcoastlitigation.com |

The Honorable Susan Richard Nelson
United States District Court
District of Minnesota
774 Federal Building
316 N. Robert Street
St. Paul, MN 55101

April 1, 2014

*Re:*   *Steinhoff v. Star Tribune*
        *Case No. 0:13-cv-01750-SRN-JSM*

Dear Judge Nelson:

This letter is written pursuant to Minn. Gen. R. Prac. 115.11, requesting this Court's leave for Plaintiff to file a motion to reconsider this Court's Order of March 24, 2014, which granted Defendant's Motion for Judgment on the Pleadings and dismissed Plaintiff's Complaint.

Plaintiff requests the Court's leave to file a motion for reconsideration in order to perfect Plaintiff's record on appeal and to document within the record on appeal that Plaintiff timely raised the issues to be reviewed by the U.S. Court of Appeals for the Eighth Judicial Circuit. Plaintiff is filing said motion for reconsideration while awaiting the Court's response to this letter requesting permission to file this motion in order to comply with the time allowed under the FRCP to file a timely appeal.

Compelling circumstances exist for a motion to reconsider on the grounds that during the oral arguments portion of this Court's hearing of this matter on November 25, 2013, new and material evidence from Defendant came to light. Specifically, during oral argument on November 25, 2013, Defendant argued and admitted that a third party company was responsible for placing calls to Plaintiff's cellular phone.

The crux of Defendant's argument that they did not violate the Telephone Consumer Protection Act ("TCPA") leading up to the November 25, 2013 hearing was that Plaintiff provided Defendant with prior express consent to be contacted by Defendant. However, even if this were the case, Plaintiff never provided prior express consent to be contacted by third party agents of Defendant. Defendant never raised this evidence prior to the November 25, 2013 oral argument in their pleadings, Motion for Judgment on the Pleadings, communications with Plaintiff's counsel, or otherwise. This new evidence materially and substantially impacts the question of liability in this case.

The TCPA does not limit liability to the entity that actually makes the calls, thus imputing liability upon this third party company for the calls Defendant placed on its behalf. *See. e.g., Bridgewater Health Care Ctr., Ltd., v. Clark,* 2012 U.S. Dist. LEXIS 37310, *4 (N.D. Ill. March 19, 2013) ("the TCPA creates a form of vicarious liability making an entity liable when a third party sends unsolicited communications on its behalf in violation of the Act.") (citing In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 10 F.C.C.R. 12391, 12407 (Aug. 7, 1995)); *see also In re Jiffy Lube Intern.. Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1258 (S.D. Cal. 2012).

The Federal Communications Commission recently ruled on May 9, 2013 that federal principles of agency apply to § 227(b) and (c) of the TCPA, thus permitting vicarious liability for autodialed and prerecorded calls made on behalf of that entity. *See In The Matter of The Joint Petition Filed By Dish Network LLC, The United States of America, And The States of California, Illinois, North Carolina, And Ohio For Declaratory Ruling Concerning The Telephone Consumer Protection Act Rules,* 2013 WL 1934349 (May 9, 2013) ("while a seller does not generally 'initiate' calls made through a third-party telemarketer within the meaning of the TCPA, it nonetheless may be held vicariously liable under federal common law principles of agency for violations of § 227(b) or § 227(c) that are committed by third-party telemarketers.")

Thus, if this Court granted Plaintiff leave to file a motion to reconsider on this newly discovered evidence, Plaintiff would argue that she never provided prior expressed consent to be contacted by Defendant's hired third party company in her motion to reconsider. Even if it was determined that Defendant had prior express consent to contact Plaintiff with an automatic telephone dialing system ("ATDS"), Defendant would still be vicariously liable under the TCPA for the unauthorized actions of its hired third party company.

In the event that this Court granted Plaintiff permission to file a motion to reconsider and Plaintiff's motion to reconsider was granted, Plaintiff would file an amended Complaint to add Defendant's hired third party company as a Defendant to this case. From there, with the benefit of discovery, Plaintiff would attempt to determine if prior express consent to be contacted was ever provided to Defendant's hired third party company. Plaintiff's contention is that no such consent was ever provided.

For the above-stated reasons, Plaintiff respectfully requests that this Court grant Plaintiff's desire to bring a motion to reconsider this Court's March 24, 2014 ruling.

Sincerely,

Robert L. Hyde
Attorney

cc:   Eileen M. Hunter, Esq.
      Leita Walker, Esq.